UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEVON JOHNSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. _____** |
| | ) | |
| | ) | **Judge _____** |
| **v.** | ) | |
| | ) | **Collective Action Complaint for** |
| | ) | **Violations Of Federal Wage-and-** |
| | ) | **Hour Law** |
| | ) | |
| | ) | **Jury Demand** |
| **IGC PROTECTION, INC.** | ) | |
| **and JACOB A. AUSTIN** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Devon Johnson, (hereinafter "Named Plaintiff") brings this action for damages and other equitable relief for violations of the Fair Labor Standards Act ("FLSA") against Defendant IGC Protection, Inc. (hereinafter "Defendant IGCP") and Defendant Jacob A. Austin (hereinafter "Defendant Austin") (hereinafter collectively "Defendants"). Named Plaintiff files this lawsuit on his own behalf as well as for and on behalf of all other similarly situated individuals working for Defendants on security details and traffic control assignments who did not receive any compensation for hours worked in excess of forty hours per week in violation of

1

29 U.S.C. §206 and §207 of the FLSA. In support of his claims, Named Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. This is an action to remedy the misclassification of Named Plaintiff's job as exempt from overtime compensation. Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendant has violated the overtime provision of the FLSA.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action and Plaintiff's claims arise under the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action that occurred within this District and Defendant is located, resides, and/or does business in this District.

## PARTIES, JURISDICTION, AND VENUE

4. Named Plaintiff Devon Johnson, ("Named Plaintiff") is an individual residing in Davidson County, Tennessee.

5. Named Plaintiff was employed for security details and traffic control and misclassified as exempt from being paid the proper overtime rate, time and half of his regular rate of pay, provisions of the FLSA within the three years preceding this filing.

6. Defendant IGC Protection, Inc. (hereinafter "Defendant IGCP") is a domestic limited liability company with its principal office listed as 205 Highland Drive, Old Hickory, TN 37138-1619 and mailing address listed at P.O. Box 1913, Mount Juliet, TN 37121-1913

7.  Defendant Jacob A. Austin (hereinafter "Defendant Austin") is the sole owner/member of IGCP and exercises management control over the operation of IGCP and its employees.

8.  Defendant IGCP and Defendant Austin (hereinafter collectively "Defendants") operate as joint employer.

9.  Named Plaintiff brings this action for and on behalf of himself and all other similarly situated employees of Defendants to remedy Defendants' violations of 29 U.S.C. §206 and §207. Specifically, he seeks to recover, for himself and all other similarly situated employees, unpaid minimum wages, his unpaid overtime compensation, an additional amount as liquidated damages, costs, expenses and attorneys' fees pursuant to 29 U.S.C. §216(b). He also seeks any other legal or equitable relief to which he and the Putative FLSA Class may be entitled.

10.  Named Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b). Attached as Exhibit 1 is Named Plaintiff's consent form.

## COVERAGE

11.  At all material times (the three years preceding the date this complaint is filed), each Defendants have acted in the interest of an employer and/or joint employer with respect to Plaintiff and the putative FLSA Class.

12.  At all material times, Defendants have been an employer and/or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.  At all material times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. At all material times hereinafter mentioned, Defendants have been an enterprise or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15. At all material times hereinafter mentioned, Named Plaintiff and FLSA Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Plaintiff and every member of the Putative FLSA Class are or were involved in interstate commerce, therefore, they are also covered by the FLSA on an individual basis.

**FACTS**

16. Defendant IGCP is a private company.

17. Defendant IGCP is not a public agency.

18. Defendant IGCP is owned and operated by Defendant Austin.

19. Defendant Austin is responsible for handling all labor and employment matters.

20. Defendant Austin has the authority to hire and fire employees.

21. Defendnat Austin has the authority to determine wages and salaries.

22. Defendant Austin has control over Defendant IGCP's financial afffairs.

23. Defendant Austin possessed substantial supervisory powers.

24. Defendant Austin has operational control over significant aspects of the corporations day-to-day functions.

25. Defendants provide employees for customer's security details and traffic control assignments on roadway construction zones and events on public streets.

26. Defendants assigned Platiniff to security and traffic details from around October 2016 until around January 2017.

27. Defendants made the single decision that any employee assigned to security and traffic control who worked more than forty hours a week would receive comp time in lieu of time and half their regular rate of pay.

28. Defendants employees were allowed to accrue comp time in lieu of cash payment of overtime compensation.

29. Defendant paid Plaintiff $20.00 per hour as the regular rate of pay for security details.

30. Defendant paid Plaintiff $30.00 per hour as the regular rate of pay for traffic details.

31. Defendant paid Plaintiff $45.00 per hour as the regular rate of pay for Holidays.

32. Plaintiff regularly worked in excess of forty (40) hours per week on security details and traffic control assigments, and received comp time in lieu of overtime compensation of time and a half his regular rate of pay.

33. Defendant had a practice of not paying more than 80 hours in a normal pay period.

34. Defendants failed to pay the required compensation for work weeks at the regular pay period in which the workweek ended.

35. Defendants' delay in payment over hours worked during the normal pay period was willful.

36. Defendants' other employees are similarly situated to Plaintiff because they received comp time in lieu of proper overtime compensation of time and half regular rate of pay, for hours worked in excess of forty hours per week.

## **COUNT I – COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA**

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Defendants violated the minimum wage and overtime provisions of the FLSA by depriving Plaintiff and similarly situated employees assigned to security details and traffic control (hereinafter "Putative FLSA Class members") of any wages for time spent working in excess of forty per week.

39. Defendants owe Plaintiff and Putative FLSA Class members time and half their regular rate of pay for every hour they worked over forty hours per week.

40. Because Defendants did not pay Named Plaintiff or Putative FLSA Class members any wages, Defendants did not satisfy their minimum wage obligations contained in the Fair Labor Standards Act, 29 U.S.C. § 206.

41. Because Defendants did not pay Named Plaintiff or Putative FLSA Class members any overtime compensation, Defendant did not satisfy their overtime wage obligations contained in the Fair Labor Standards Act, 29 U.S.C. § 207.

42. Defendants knew or showed reckless disregard for the fact that it misclassified Named Plaintiff and Putative FLSA Class members as exempt employees from overtime compensation, and accordingly failed to pay them the minimum wage and failed to pay them overtime at the required rates under the FLSA.

43. Defendants willfully violated the FLSA, as Defendants misclassified Named Plaintiff and PutativeClass Members as employees exempt from overtime compensation for the sole purpose of avoiding Defendants' FLSA obligations to their employees assigned security details and traffic control.

44. The FLSA requires employers to pay their employees a statutory minimum wage and to pay overtime compensation at a rate not less than one and one-half times the employees' regular rate of pay. 29 U.S.C. §§ 206 and 207.

45. Each paycheck that fails to include required wages constitutes a separate statutory violation.

46. For a period of three years prior filing of this complaint as part of its uniform business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and each Putative FLSA Class member by engaging in a pattern, practice and policy of violating the FLSA on a class wide basis, as provided above.

47. Named Plaintiff and Putative FLSA Class Members under the Defendants' uniform business policies and practices to award comp time in lieu of minimum wage or overtime compensation for hours worked in excess of forty hours per week.

48. Although the exact amount of damages may vary among Putative FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by simple mathematical formulas.

49. The Putative FLSA Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Named Plaintiff and the Putative FLSA Class Members that supports Defendants' FLSA liability.

50. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255.

51. Named Plaintiff, on behalf of himself and Putative FLSA Class members, seeks to recover the liability prescribed under FLSA, 29 U.S.C. §216(b), including back pay, liquidated damages and/or interest, and such other legal and equitable relief as the Court deems proper.

52. Plaintiff, on behalf of Named Plaintiff and Putative FLSA Class members, seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

1. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b) to all Putative FLSA Class members;

3. A finding that Defendants have violated the FLSA;

4. A finding that Defendants' violations of the FLSA were willful;

5. A judgment against Defendants and in favor of Named Plaintiff and all similarly situated Putative FLSA Class members, for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

6. Prejudgment interest to the fullest extent permitted under the law;

7. Liquidated damages to the fullest extent permitted under the FLSA;

8. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and,

9. Such other and further relief as this Court deems just and proper in equity and under the law.

10. that a jury be impaneled to hear this cause of action at trial.

Respectfully submitted,

Yezbak Law Offices

*/s/ Charles P. Yezbak, III*
Charles P. Yezbak, III (#18965)
Attorney for Plaintiff
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 Facsimile
yezbak@yezbaklaw.com